UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,        Case No. 07-20531
                 Honorable Thomas L. Ludington

v.

D-8 WILLIE FLOYD JACKSON,

    Defendant.
                  /

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

Willie Jackson was sentenced to a term of 120 months' imprisonment for distributing crack cocaine. On October 20, 2011, Jackson filed a motion to reduce his sentence based on the retroactive application of the Fair Sentencing Act pursuant to 18 U.S.C. § 3582(c). Jackson's motion will be denied.

**I**

The Anti-Drug Abuse Act of 1986 established severe penalties for the possession and distribution of crack cocaine. The disparity between the penalties for distributing crack cocaine and powder cocaine was dramatic: 100-to-1. As the Supreme Court observed, the Act "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

In 2010, Congress enacted the Fair Sentencing Act (FSA), which narrowed the disparity between sentences for crack cocaine offenders and powder cocaine offenders. Instead of 100-to-1, it now stands at 18-to-1. In other words, the FSA imposes upon an offender who dealt in

powder cocaine the same sentence it imposes upon an offender who dealt in one-eighteenth that amount of crack cocaine. The FSA took effect on August 3, 2010. *Id.* at 2329.

The Sixth Circuit originally concluded that the FSA did not affect the penalties associated with crimes committed before the statute's effective date. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). But with *Dorsey*, the Supreme Court established that "Congress intended the [FSA's] new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." 132 S. Ct. at 2335. Accordingly, the proper guidelines to consider when sentencing a defendant are those in effect at the time of sentencing, not those in effect when the underlying crime was committed.

## II

On August 12, 2008, Jackson pleaded guilty to distributing approximately 60 grams of cocaine base. Rule 11 Agreement 2, ECF No. 155. A presentence report calculated Jackson's base offense level as 30, with a three-level reduction based on acceptance of responsibility, for a total offense level of 27. Jackson's criminal history was set as category II. The resulting guidelines range of imprisonment was 78 to 97 months. The presentence report also noted, however, that a mandatory minimum of 120 months applied. On November 25, 2008, the Court sentenced Jackson to the lowest possible sentence—120 months' imprisonment. *See* J. 2, ECF No. 194.

As noted above, in 2010 Congress enacted the FSA, which substantially reduced the mandatory minimums associated with crack cocaine offenders like Jackson. On October 20, 2011, Bryant filed a motion for retroactive application of the FSA. But the Sixth Circuit's recent en banc decision in *United States v. Blewett*, 746 F.3d 647 (6th Cir. 2013) forecloses the possibility of relief. There, the en banc panel established that the FSA "does not apply to

defendants sentenced before its effective date." *Id*. at 655. So because Jackson was sentenced before the FSA took effect in August 3, 2010, the Act's reduced mandatory minimums do not apply to him.

Although the Court appointed the Federal Defender's Office to represent Jackson on his motion, appointed counsel has indicated that he "wrote to [Jackson] and advised him that the law in this Circuit did not appear to support his request for a sentence reduction," but that Jackson did not respond to the letter. *See* Notice 1–2, ECF No. 355. Indeed, because Jackson's claims are without merit, the fact that counsel was previously appointed is irrelevant.

### III

Accordingly, it is **ORDERED** that Jackson's motion for retroactive application of the FSA, ECF No. 278, is **DENIED**.

Dated: June 6, 2014                                                     s/Thomas L. Ludington
                                                                                       THOMAS L. LUDINGTON
                                                                                       United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 6, 2014.

                               s/Tracy A. Jacobs
                               TRACY A. JACOBS